IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY RAY JONES,

    Petitioner,                     No. CIV S-06-0701 DFL PAN P

    vs.

T. FELKER, Warden, et al.,

    Respondents.              <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 together with a motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, the motion for leave to proceed in forma pauperis is granted.  <u>See</u> 28 U.S.C. § 1915(a).

        The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the conviction and sentence challenged in this case, Case No. CIV S-02-0082 LKK PAN P..[1]  The previous application was filed on January 11, 2002, and was

---

[1] A court may take judicial notice of court records.  <u>See</u> <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1

1  dismissed as barred by the statute of limitations on March 20, 2004.[2]  Before petitioner can
2  proceed with the instant application he must move in the United States Court of Appeals for the
3  Ninth Circuit for an order authorizing the district court to consider the application.  28 U.S.C.
4  § 2244(b)(3).[3]  Therefore, petitioner's application must be dismissed without prejudice to its
5  refiling upon obtaining authorization from the United States Court of Appeals for the Ninth
6  Circuit.

7        Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed
8  without prejudice.

9        These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
11 days after being served with these findings and recommendations, petitioner may file written
12 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
13 Findings and Recommendations."  Petitioner is advised that failure to file objections within the
14 /////
15 /////
16 /////
17 /////

---

[2] On September 2, 2004, an order from the United States Court of Appeals for the Ninth Circuit denying petitioner's request for a certificate appealability was filed in Case No. CIV S-02-0082 LKK PAN P.  Subsequently, petitioner moved to set aside the judgment in that action. Petitioner's motion was denied by order filed August 12, 2005, and petitioner has taken an appeal from that order to the United States Court of Appeals for the Ninth Circuit.

[3] In Henderson v. Lampert, 396 F.3d 1049 (9th Cir. 2005), the United States Court of Appeals for the Ninth Circuit held that the dismissal of prior petition based on doctrine of procedural default renders a subsequent petition "second or successive" within the meaning of 28 U.S.C. § 2244(b)(3) because the petitioner "has no further opportunity to obtain a disposition on the merits of his or her claims in the state courts" and the "interest underlying the dismissal of the first petition, i.e. federal-state comity, is still present." Henderson, at 1053.  The rationale of Henderson applies with equal force to a dismissal on statute of limitations grounds; a determination that a federal habeas corpus challenge to a state conviction is time-barred precludes further review of the conviction, and when a second petition is filed "the interest underlying the dismissal of the first petition . . . is still present."

specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

12
jone0701.success